UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FRUT, LLC,

                     Plaintiff,

      v.

DONGGUAN CITY GVODE
ELECTRIC CO. LTD., *et al.*,

                    Defendants.

Civil Action 2:18-cv-1495
Judge Edmund A. Sargus, Jr.
Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

The instant matter is before the Court for consideration of a Motion for Default Judgement and Permanent Injunction filed by Plaintiff Frut, LLC ("Plaintiff" or "Frut"). (ECF No. 16). Also before the Court is a Motion to Set Aside Default filed by Defendants Liu Baocheng, Dongguan City GVODE Electric Co., Ltd., Wu Wenjian and Xin Yongpeng ("Defendants"). (ECF No. 20). Both matters are ripe for review. For the reasons that follow, Defendants' Motion to Set Aside Default is **GRANTED** (ECF No. 20), and Plaintiff's Motion for Default Judgement and Permanent Injunction is **DENIED** (ECF No. 16).

### I

Plaintiff initiated this action by filing a Complaint on November 20, 2018, which, in relevant part, alleged patent infringement claims against Defendants. (ECF No. 1 at ¶ 63-84). Frut is a company that sells SIDESWIPE mixing beaters, which were invented by the company's founder, Louis Busick. (Busick Decl. at ¶ 2, 3, 5, ECF No. 16). The company owns U.S. Patent No. 7,690,836 (the "836 Patent"), and its SIDESWIPE mixing beaters are commercial

embodiments of the 836 Patent. (*Id.* at ¶ 2, 3, 6, 7). Frut sells its mixing beaters to customers in the United States, primarily through Amazon. (*Id.* at ¶ 8). The mixing beaters display the 836 Patent number, and Frut sells them under the SIDESWIPE trademark. (*Id.* at ¶ 7).

In the summer of 2017, Frut noticed a listing on Amazon for certain mixing beater products, which displayed the GVODE trademark. (*Id.* at ¶ 9). Despite the fact that Frut has never licensed the 836 Patent to Defendants or to any other third party, the GVODE mixing beaters are believed to exhibit elements of claims 1 and 2 of the 836 Patent. (*Id.* at ¶ 11, 12).

Initially, the GVODE mixing beater appeared on Amazon at a price that was significantly lower than the SIDESWIPE mixing beater. (*Id.* at ¶ 10). Over time, the GVODE mixing beater became known as one of "Amazon's Choice" products. (*Id.* at ¶ 17). Since first appearing on Amazon, the GVODE mixing beater's presence has impacted sales for the SIDESWIPE beating mixer. (*Id.* at ¶ 13). In response, Frut took certain measures to make its SIDESWIPE beating mixer more competitive. (*Id.* at ¶ 14, 15). Specifically, Frut increased its spending on Amazon advertisements, and it also reduced the SIDESWIPE beating mixer sales price. (*Id.*).

In light of these circumstances, Plaintiff initiated this action to stop Defendants from allegedly infringing the 836 Patent. (ECF No. 1). Thereafter, Plaintiff filed several reports before this Court, explaining that it had taken steps in accordance with the Hague Convention to serve Defendants, who are located in the People's Republic of China. (ECF Nos. 6, 8, 10, 12).

After nearly a year of failed attempts, Plaintiff filed an application for entry of default against Defendants. (ECF No. 14). In the application, Plaintiff highlights that it "prepared the materials required for service to be affected upon the Defendants pursuant to the Hague Service Convention." (*Id.* at 1). Plaintiff also explains in the motion that it sent physical copies of the required materials to the Chinese Central Authority ("CCA"), which were received on January 7,

2019, and that it sent electronic copies of the same materials to the CCA, which were received on April 2, 2019. (*Id.*). Plaintiff also notes that on April 4, 2019 the CCA "had received everything it required for service to be completed upon the Defendants and that service would be executed;" yet, it had not received any correspondence concerning this case for more than nine months. (*Id.* at 1-2).

After receiving and reviewing Plaintiff's application, the Clerk entered default against Defendants on October 7, 2019. (ECF No. 15). The text of the default order states the following:

> It appears that the Defendants Dongguan City GVODE Electric Co., Ltd., Mr. Liu Baocheng, Mr. Xin Yongpeng, and Mr. Wu Wenjian, are in default, having failed to plead or otherwise defend in this cause as required by law; Now, therefore, in accordance with Rule 55 (a) of the Federal Rules of Civil Procedure, Default is hereby entered against the Defendants on this 7th day of October 2019.

(*Id.*). Following the entry of default, Plaintiff moved for a default judgment on October 22, 2019. (ECF No. 16). Thereafter, Defendants entered their appearance on February 19, 2020 and filed a motion to set aside the default that same day. (ECF Nos. 19, 20).

## II

### A. Setting Aside a Default Judgment

#### a. Standard

Defendants contend that this Court should grant their motion to set aside default, which would moot Plaintiff's requests for a default judgment. (*See* ECF No. 20). Fed. R. Civ. P. 55(c) provides that a "court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." The Sixth Circuit has explained that courts must consider the following three factors to determine whether good cause exists: (1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3)

whether the plaintiff will be prejudiced. *See Burrell v. Henderson*, 434 F.3d 826, 831-832 (6th Cir. 2006) (citing *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

"When a defendant seeks relief from a default that has been entered by the clerk upon a plaintiff's request, the district court enjoys considerable latitude under the 'good cause shown' standard." *Waifersong, Ltd.*, 976 F.2d at 292. In addition, entry of default is a harsh sanction, therefore, any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983); *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986) (there is a strong preference for deciding cases on the merit rather than by default).

b. <u>Arguments and Analysis</u>

Defendants contend that this Court should set aside the Clerk's entry of default for three reasons. First, Defendants argue that they acted with reasonable diligence once they became aware of this action. (ECF No. 20 at 3). Specifically, they suggest that Defendant GVODE Electric Co., Ltd. is the only defendant in this case that received a Complaint and Summons. (*Id.* at 4). In that same vein, Defendants highlight that GVODE Electric Co., Ltd. received the Complaint and Summons on January 14, 2020, contacted Counsel for Plaintiff on January 20, 2020, and joined this action on February 19, 2020. (*Id.*). Defendants also emphasize that they labored to join this action, despite the presence of COVID-19 and the Chinese New Year, which they claim "effectively shut down mainland China." (*Id.*). Second, Defendants assert that they have advanced meritorious defenses to Plaintiff's patent claims given that they challenge whether the GVODE mixing beater blades infringe claims 1 and 2 of the 836 Patent. (*Id.* at 5). Similarly, Defendants argue that the 836 Patent is likely voided by prior art and that Defendants Liu Baocheng, Xin

Yongpeng, and Wu Wenjian are not liable in their personal capacity for actions taken by GVODE. (*Id.*). Third, Defendants contend that Plaintiff will not suffer any prejudice from setting aside the Clerk's entry of default given that this case is still in its infancy. (*Id.* at 5-6).

Plaintiff contends that this Court should "enter a default judgment of patent infringement against each of the named Defendants under FED. R. CIV. P. 55 (b)(2)." (ECF No. 16 at 9). Specifically, Plaintiff contends that a default judgement is warranted because it complied with Fed. R. Civ. P. 55 and the service requirements of the Hague Convention and Defendants failed to timely respond or enter an appearance. (*Id.* at 6-7). Moreover, in its response to Defendants' motion to set aside entry of default, Plaintiff argues that Defendants' recent appearance has no impact on whether a default judgment should be entered given that they have had notice of the patent infringement allegations for years. (ECF No. 26 at 1). Plaintiff contends that Defendants have not established good cause to set aside the Clerk's entry of Default because they have not provided any evidence to support the claims asserted in their motion to set aside entry of default. (*Id.* at 1-2). Plaintiff also argues that it will be injured by a decision to set aside the default because Defendants infringing activities are causing irreparable harm in the form of lost sales, which has been facilitated by their delay in entering this action. (*Id.* at 8). Finally, Plaintiff argues that Defendants have not asserted a meritorious defense given that they have merely presented conclusory allegations. (*Id.* at 8). The Court does not agree.

The Court starts from the understanding that there is a strong preference for deciding cases on the merits rather than by default. *United Coin*, 705 F.2d at 846; *Shepard*, 796 F.2d 193. With that principle in mind, the Court turns to the first factor that must be considered in determining whether to set aside an entry of default: whether the default is the result of culpable conduct. *Burrell*, 434 F.3d at 831-832.

Plaintiff emphasizes that it sent materials required for service to be affected upon the Defendants to the CCA as early as January of 2020 and that the CCA confirmed receipt of these materials no later than April 4, 2020. (ECF No. 14 at 1-2; ECF No. 26 at 4). Plaintiff offers the sworn testimony of its foreign associate Emily Zhang to support its position. (Zhang Decl., ECF No. 26-1). Specifically, Zhang testified that the Ministry of Justice in China attempted to serve Defendants GVODE Electric Co., Ltd. and Liu Baocheng in August of 2019 and that both parties refused service. (Zhang Decl. at ¶ 6-8).

Defendants have, however, provided the Court with evidence, which indicates that neither Defendant GVODE Electric Co., Ltd. nor Defendant Liu Baocheng received service of process until January of 2020. (Boacheng Decl. at ¶ 7, ECF No. 27-1). Specifically, Defendants offer sworn testimony from Liu Boacheng, who is the owner of GVODE Electric Co., Ltd.. (*Id.* at ¶ 1). Boacheng testified that she is the sole person responsible for receiving service of certain documents related to her business such as those concerning pending legal matters. (*Id.* at ¶ 3). Boacheng affirmed that none of her employees were authorized to accept legal documents and that the legal documents delivered to her company in August of 2019 were refused because she was not present to receive them. (*Id.* at ¶ 4-6). Consequently, Boacheng testified that the she did not learn of this lawsuit until the following year, in January 2020. (*Id.* at ¶ 7).

In light of these circumstances, the default may not have been the result of culpable conduct. Taking Defendant Boacheng's testimony as true, neither she, nor GVODE Electric Co., Ltd., were aware of this action until January of 2020. Moreover, when they did become aware of these proceedings, the record demonstrates that they reached out to Plaintiff's Counsel and had an attorney enter an appearance on their behalf. In addition, the record is silent as to whether Defendants Wu Wenjian and Xin Yongpeng ever received notice of these proceedings. The Court

is satisfied that Defendants acted promptly to facilitate their involvement in this matter once they were given notice. As such, the Court finds that the default was not born of culpable conduct.

Next, this Court must consider whether Plaintiff will be prejudiced by setting aside the default. *United Coin Meter Co.*, 705 F.2d at 845. Although this case was initiated nearly two years ago, "[d]elay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55." *Burrell v. Henderson,* 434 F.3d at 835. "Nor does increased litigation cost generally support entry of default." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011). Instead, Plaintiff would have to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties. *See Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990). Because Plaintiff has made no such showing in this case, the Court cannot conclude that granting Defendants' motion will result in prejudice.

The Court must consider, next, whether Defendants have advanced meritorious defenses. *United Coin Meter Co.*, 705 F.2d at 845. Defendants raise several defenses, which, they argue, will absolve them of liability in this action. These defenses include contentions that the GVODE mixing beater does not infringe claims 1 and 2 of the 836 Patent, claims that the 836 Patent is voided by prior art, and arguments that Defendants Liu Baocheng, Xin Yongpeng, and Wu Wenjian are not liable in their personal capacity for any of the actions taken by GVODE. (ECF No. 20 at 5).

A defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Burrell,* 434 F.3d at 834. The Sixth Circuit has explained that a defense is meritorious if it is "good at law," regardless of whether the defense is actually likely to succeed on the merits. *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003). A defense need not be supported by detailed factual allegations to be deemed meritorious.

*United States v. $ 22,050.00 United States Currency*, 595 F.3d 318, 326 (6th Cir. 2010). Because the likelihood of success is irrelevant, all that is required is "'a hint of a suggestion' which, proven at trial, would constitute a complete defense." *Invst Fin. Group v. Chem-Nuclear Sys.*, 815 F.2d 391, 399 (6th Cir. 1987). In other words, "[a]ll that matters is whether a well-stated defense, if sustained, would change the outcome." *$ 22,050.00 United States Currency*, 595 F.3d at 326.

Based on the circumstances of this case, the outcome would be different if it were true that the GVODE mixing beater does not infringe claims 1 and 2 of the 836 Patent. Likewise, the outcome would be different if the 836 Patent is voided by prior art. For these reasons, the Court is satisfied that Defendants have asserted meritorious defenses, which support setting aside the default.

Given the factors set forth above and given the preference that exists for deciding cases on the merits, the Court agrees with Defendants that the entry of default should be set aside.

### B. Permanent Injunction

#### a. Standard

The Supreme Court has explained that a plaintiff seeking a permanent injunction must satisfy a four-element test before a court may grant such relief. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Specifically, a plaintiff must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Id.*; *see also Gas Natural, Inc. v. Osborne,* 624 Fed. Appx. 944, 948 (6th Cir. 2015); *see also U.S. v. Matusoff Rental Co.*, 494 F. Supp. 2d 740, 756 (S.D. Ohio Mar. 30, 2007).

The standard for a permanent injunction resembles the standard for a preliminary injunction except that the plaintiff must show actual success on the merits rather than a likelihood

of success. *Am. Civil Liberties Union of Ky. v. McCreary Cty.*, 607 F.3d 439, 445 (6th Cir. 2010); *see also Brinkman v. Budish,* 692 F. Supp. 2d 855, 866 (S.D. Ohio Feb. 17, 2020). Ultimately, the decision to grant injunctive relief falls within the district court's sound discretion. *eBay Inc.*, 547 U.S. at 391.

      b.  <u>Argument and Analysis</u>

While Plaintiff contends that the circumstances of this case satisfy the four *Ebay* elements, which are required to obtain a permanent injunction, the Court notes that Plaintiff has not established actual success on the merits at this time. Presumably, Plaintiff seeks to satisfy this requirement through its request for a default judgment. But, this court has decided that the default should be set aside, so that this case may be decided on the merits. As such, Plaintiff's request for a default judgment is rendered moot. Accordingly, Plaintiff's request for a permanent injunction is denied at this time.

**III**

For the reasons set forth above, Defendants' Motion to Set Aside the Entry of Default is **GRANTED** (ECF No. 20), and Plaintiff's Motion for Default Judgement and Permanent Injunction is **DENIED as Moot** (ECF No. 16).

      **IT IS SO ORDERED.**

**9/10/2020**                         <u>s/Edmund A. Sargus, Jr.</u>
**DATE**                               **EDMUND A. SARGUS, JR.**
                                           **UNITED STATES DISTRICT JUDGE**